(Del. Rev. 5/14) Pro Se Prisoner Civil Rights Complaint

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Alex Ryle

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Irene Fuh, RN,

et al,

individually and in their official capacities,

see attached

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Civ. Action No. _____
(To be assigned by Clerk's Office)

## COMPLAINT
(*Pro Se* Prisoner)

Jury Demand?
☒ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Do not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

(Del. Rev. 5/14) Pro Se Prisoner Civil Rights Complaint

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

- ☐ ☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

- ☐ ☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Ryle, Alex, O.

Name (Last, First, MI)                                    Aliases

00463547
Prisoner ID #

James T. Vaughn Correctional Center
Place of Detention

1181 Paddock Road
Institutional Address

| New Castle, Smyrna | Delaware | 19977 |
|---|---|---|
| County, City | State | Zip Code |

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- ☐ ☐ Pretrial detainee
- ☐ ☐ Civilly committed detainee
- ☐ ☐ Immigration detainee
- ☐ ☒ Convicted and sentenced state prisoner
- ☐ ☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

Each defendant is being sued in their individual and official capacity.

Defendant 1: Fuh, Irene
Registered Nurse
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 2: Doe, Jane
Healthcare Provider
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 3: Wheeler, Katie A.
Registered Nurse
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 4: 1st On-call Provider
Healthcare Provider
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 5: Connections Community Support Inc.
Healthcare Provider
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 6: Doe 2, Jane
Healthcare Provider
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 7: 2nd On-call Provider
Healthcare Provider
1181 Paddock Road
New Castle County, Smyrna, DE 19977

Defendant 8: Jackson, Tamar
Medical Doctor
1181 Paddock Road
New Castle County, Smyrna, DE 19977

## V. STATEMENT OF CLAIM

Place(s) of occurrence: JTVCC- B. Annex & Infirmary

Date(s) of occurrence: December 6, 2016-March 10, 2017

My 8th Amendment right of the United States Constitution and Delaware statutory laws were violated in result of the following facts:

1. On or about December 6, 2016, I, Alex Ryle, sustained a hand injury while at JTVCC- location B. Annex. I notified my unit officer, Sgt. Mintz, who allowed me to seek medical attention at the infirmary for my emergency. There, I was treated by defendant Connections' two (2) employees: defendant Irene Fuh, RN, and defendant Jane Doe. Defendant Fuh led the exam and was adamant that my hand was not broken, notwithstanding my assertion that my hand was hurting intensely and the prominent protrusion which was 7 cm long, 3 cm wide, and 3 cm in height. I was given 200 mg Ibuprofen pills and a hand splint. Defendant Fuh instructed that I needed to submit a sick-call slip so I could receive treatment, which I did. Moreover, the pills failed to grant relief and the splint aggravated my pain immensely.

2. On or about December 10, 2016, I visited the infirmary in result of my sick-call slip. I was treated by defendant Fuh once more and in the company of defendant Katie A. Wheeler, RN. Again, defendant Fuh diagnosis was that my hand was not broken and that the muscles and tending's were simply swollen. Defendant Fuh made a phone call to defendant 1st On-call Provider and thereafter I was told that I would get an x-ray on Monday-12/12/16.

3. On or about December 12, 2016, due to my constant anguish and not being called to medical for the x-ray, I went to my unit's officer, c/o Corbett. After phoning medical she explained that I would get the x-ray on Friday-12/16/16. Moreover, in result of medical's failure to provide me with the necessary treatment I was compelled to simply deal with my intense pain from December 6-16, 2016.

4. On December 16, 2016, I was given an x-ray then sent via ambulance to Kent General Hospital's Emergency Room. After multiple unsuccessful endeavors to fix my various injuries, the initial ER Doctor summoned another orthopedic specialist who failed also. These

healthcare providers expressed to me that due to the significant time lapse of my injury transpiring and my ER visit, their resetting attempts were no longer viable.

5. Observing the abnormal sight of my hand, coupled with my complaint of severe pain, a lay person would easily had recognized the necessity for a doctor's attention. Individually and collectively, the defendants demonstrated a conscious disregard of the harm their actions could do to my interest and rights. Defendant(s) Fuh, Doe, Wheeler, and 1st On-call Provider, recklessly failed to provide me with the proper medical care despite their knowledge of me having a substantial risk of serious harm. Consequently, I endured ten (10) days of unnecessary pain and suffering, and this gross dereliction of duty prevented, directly and/or contributed to, several realignment endeavors. Subsequently, I was compelled to get surgery which gives me a life-long handicap and permanent scar/loss of the full of my hand.

6. Thus, the delay in my treatment evinces that the defendant(s) Fuh, Doe, Wheeler, and 1st On-call Provider (all fiducially responsible for my healthcare) demonstrated a deliberate indifference to my serious medical need whereto violates my 8th Amendment right to be free from cruel and unusual punishment, and in addition to medical negligence pursuant to Delaware State law.

7. Defendant Connections' policy and/or common practice to enforce inmates to submit sick-calls prior to receiving medical care resulted and/or contributed in the exacerbation of my hand injury which demonstrates said policy/common practice being deliberate indifferent to my serious medical need, which violates my federal 8th Amendment rights and Delaware's State medical negligence laws.

8. On or about the 2nd or 3rd week of December, 2016, I filed a medical grievance about the abovementioned ordeal. Grievance# 353984.

9. On or about the last week of December, 2016, I had a consultation with my surgeon Dr. Brady. Following the evaluation he stated that I needed surgery, and inquire why had it taken so long to get an appointment with him. Moreover, he stated that I would have metal permanently in my hand and my hand tattoo would be scarred.

10. on or about January 5, 2017, Dr. Brady performed the surgery. Post-surgery, one of Dr. Brady's staff informed me that in a few hours my anesthesia would wear off and that I had a prescription for pain medication. Back at JTVCC's infirmary I began to experience extreme pain in my hand about 2200hrs. I notified the nurse, defendant Jane Doe 2, about my excruciating pain. She said she had Ibuprofen or she could call the defendant 2nd On-call Provider. I asked her to call the provider for something stronger. Returning some time later she stated the provider would not issue anything else. Consequently, I was compelled to wait over ten (10) hours to get adequate pain relief.

11. Thus, defendant(s) Doe 2 and 2nd On-call Provider failure to get me the proper pain relief following my surgery, and Dr. Tamar Jacksons' failure to create an appropriate post-surgery pain management plan demonstrates deliberate indifference to my serious medical needs which violated my 8th Amendment, and medical negligence pursuant to Delaware law.

12. I filed a medical grievance about not receiving adequate pain relief after my surgery. Grievance# 355243.

13. On January 9, 2017, I was transferred out of the infirmary just five (5) days from major surgery in spite of defendant Jackson's adamant declaration that it was policy for me to remain housed in infirmary for months to convalesce according to medical and security policies. I filed a grievance about this. Grievance# 355638.

14. On January 13, 2017, I received a notice that my medical grievances #'s 355243 and 355638 were duplicative of # 353984, so they were unprocessed.

15. On February 23, 2017, my medical grievance #353984 was denied because it was determined that a treatment plan had been created. Subsequently, I filed an appeal on March 1, 2017. On March 10, 2017, I received confirmation that my appeal was filed but I have yet to receive any reply.

## VI.   ADMINISTRATIVE PROCEDURES

Is there a grievance procedure available at your institution?       Yes.

Have you file a grievance concerning the facts relating to this complaint?       Yes.

Is the grievance process completed?       Yes.

## VII.   RELIEF

I respectfully pray that this court enter judgment granting me:

    1) a declaration that the acts and omissions stated herein violated my rights under the U.S. and Delaware Constitution(s), and laws of the United States and Delaware;

    2) a permanent injunction ordering defendant "Connections" to reform its policy/common practice of denying inmates immediate medical care to serious medical needs without filing a sick-call;

    3) compensatory damages in the amount of $45,000.00 against defendants, jointly and severally; and liability to any future medical and/or related expenses in result of my hand injury;

    4) punitive damages in the amount of $20,000.00 against each defendant;

    5) a jury trial on all issues triable by jury;

    6) all plaintiff's cost in this suit; and,

    7) any additional relief the court deems just, proper, and equitable.

(Del. Rev. 5/14) Pro Se Prisoner Civil Rights Complaint

## III. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?  ☐ Yes  ☒ No

    If yes, how many:

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

(Del. Rev. 5/14) Pro Se Prisoner Civil Rights Complaint

## IV. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

5·15·18
Dated

*[signature]*
Plaintiff's Signature

Ryle, Alex, O.
  Printed Name (Last, First, MI)

00463547
  Prison Identification #

James T. Vaughn Correctional Center

| 1181 Paddock Road | Smyrna | Delaware | 19977 |
|---|---|---|---|
| Prison Address | City | State | Zip Code |

**Do not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**